TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00341-CR






James Bernard Tenny, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT


NO. 633, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING







 Appellant James Bernard Tenny was convicted by a jury of murder. See Tex.
Penal Code Ann. § 19.02(b) (West 1994). The district court assessed punishment at sixty-five
years confinement. In one issue on appeal, appellant contends the district court erred in allowing
into evidence a shower scrubber that he alleges was wrongly seized by the police. (1) We will
affirm.

 The admission or exclusion of evidence is within the trial court's discretion. See
Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996); Porter v. State, 969 S.W.2d 60,
64 (Tex. App.--Austin 1998, pet. ref'd). We will not reverse a trial court's ruling absent a clear
showing of an abuse of discretion, defined as a decision so clearly wrong as to fall outside the
zone of reasonable disagreement. See Jones, 944 S.W.2d at 651; Fain v. State, 986 S.W.2d 666,
681 (Tex. App.--Austin 1998, pet. ref'd). Even if a trial court abuses its discretion in admitting
evidence, we will not overturn that decision unless the defendant shows the error was harmful. 
See Tex. R. App. P. 44.2; Guidry v. State, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999); Porter,
969 S.W.2d at 64; Fain, 986 S.W.2d at 681.

 Appellant contends that the shower scrubber was seized from an area outside of the
immediate crime scene and that the police did not have any implied consent to search the shower
area. Therefore, he argues, the fruits of the illegitimate search, including the shower scrubber,
should have been suppressed. However, even if we assume that the admission of such evidence
was error, appellant has presented no explanation of how the admission of the scrubber harmed
his rights. (2) Appellant has not demonstrated that the district court abused its discretion in admitting
the shower scrubber into evidence and, more importantly, that the error, if any, was harmful.

 We overrule appellant's sole issue on appeal and affirm the district court's
judgment.



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish
1. We have received a pro se brief raising five points of error contending appellant received
ineffective assistance of counsel on appeal and at trial, the evidence is legally and factually
insufficient to support the verdict, and the State presented improper jury argument. We have
reviewed the record in light of appellant's claims and find his points of error to be without merit.
2. In fact, appellant testified that after he stabbed the victim during a fight, he took a short
shower to wash off gasoline he alleged she had thrown on him. 



ME="Generator" CONTENT="WordPerfect 9">




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00341-CR






James Bernard Tenny, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT


NO. 633, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING







 Appellant James Bernard Tenny was convicted by a jury of murder. See Tex.
Penal Code Ann. § 19.02(b) (West 1994). The district court assessed punishment at sixty-five
years confinement. In one issue on appeal, appellant contends the district court erred in allowing
into evidence a shower scrubber that he alleges was wrongly seized by the police. (1) We will
affirm.

 The admission or exclusion of evidence is within the trial court's discretion. See
Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996); Porter v. State, 969 S.W.2d 60,
64 (Tex. App.--Austin 1998, pet. ref'd). We will not reverse a trial court's ruling absent a clear
showing of an abuse of discretion, defined as a decision so clearly wrong as to fall outside the
zone of reasonable disagreement. See Jones, 944 S.W.2d at 651; Fain v. State, 986 S.W.2d 666,
681 (Tex. App.--Austin 1998, pet. ref'd). Even if a trial court abuses its discretion in admitting
evidence, we will not overturn that decision unless the defendant shows the error was harmful. 
See Tex. R. App. P. 44.2; Guidry v. State, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999); Porter,
969 S.W.2d at 64; Fain, 986 S.W.2d at 681.

 Appellant contends that the shower scrubber was seized from an area outside of the
immediate crime scene and that the police did not have any implied consent to search the shower
area. Therefore, he argues, the fruits of the illegitimate search, including the shower scrubber,
should have been suppressed. However, even if we assume that the admission of such evidence
was error, appellant has presented no explanation of how the admission of the scrubber harmed
his rights. (2) Appellant has not demonstrated that the district court abused its discretion in admitting
the shower scrubber into evidence and, more importantly, that the error, if any, was harmful.

 We overrule appellant's sole issue on appeal and affirm the district court's
judgment.



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish
1. We have received a pro se brief raising five points of error contending appellant received
ineffective assistance of counsel on appeal and at trial, the evidence is legally and factually
insufficient to support the verdict, and the State presented improper jury argument. We have
reviewed the record in light of appellant's claims and find his points of error to be without merit.
2. In fact, appellant testified that after he stabbed the victim during a fight, he took a short
shower to wash off gasoline he alleged she had thrown on him.